(PC) Woodson v. High Desert State Prison   Doc. 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GARRETT,

    Plaintiff,

vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.

No. CIV S-07-CV-2613 FCD KJM

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

1 collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3 § 1915(b)(2).

4     The court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8 be granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9 U.S.C. § 1915A(b)(1),(2).

10     A claim is legally frivolous when it lacks an arguable basis either in law or in
11 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.
14 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
15 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
16 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
18 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
20 Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007). A complaint must
21 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
22 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
23 id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson
25 v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the
26 court must accept as true the allegations of the complaint in question, Erickson, id., and construe

1  the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
2  (1974).
3        Plaintiff purports to bring this action on behalf of the Muslim community at High
4  Desert State Prison. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well
5  established that a layperson cannot ordinarily represent the interests of a class. See McShane v.
6  United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here,
7  the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams,
8  509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately
9  protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil
10 Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore,
11 will not be construed as a class action and instead will be construed as an individual civil suit
12 brought by plaintiff. Plaintiff Garrett will proceed in this case and the Clerk of the Court will
13 open separate civil actions for those who signed the "class action appeal" sheet attached to the
14 complaint legibly with their full names. These inmates will be given an opportunity to file
15 applications to proceed in forma pauperis and amended complaints in accordance with the
16 directions in this order.
17       Plaintiff alleges that because prison authorities refuse to hire a Muslim chaplain,
18 the Muslims have been denied access to the chapel, access which is granted to other religious
19 groups. As a result, they are forced to pray on the wet and dirty kitchen floor. He names as
20 defendants Chaplain McCue, the supervising chaplain and Chaplain Polycarp, the sponsor of the
21 Muslim community, yet he does not describe what their roles or authority are, if any, in hiring
22 the Muslim chaplain. The court will, however, grant leave to file an amended complaint.
23       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
25 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
26 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

5. The Clerk of the Court is directed to:

    A. Open separate civil actions for plaintiffs Thomas Woodson, P-76095; S.J. Noble, D-74884; Jemeans Farr, P-50115; Greg De Paz, T-81786; Arinza Smith, V-52835; William Vasser, F-27903; Thomas Cash, H-11405; Douglas Duncantell, C-52514; Raymond Ward, J-69818 and Jamon McClellan, T-65408.

    B. Assign these new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    C. File and docket a copy of this order in the file opened for the plaintiffs identified in subsection A, above; and

    D. Send each of these plaintiffs a copy of the complaint filed in the instant case but bearing the case number assigned to each individual action, a copy of this order, a form for filing a civil rights action by a prisoner and an application to proceed in forma pauperis.

6. Each of the plaintiffs identified in section 5A are granted thirty days to file an amended complaint and a request to proceed in forma pauperis, bearing the case number assigned to his own case. Failure to comply with this order will result in a recommendation that the action be dismissed.

DATED: December 5, 2007.

U.S. MAGISTRATE JUDGE

2
garr1672.14